## CLARK v. MANCHESTER.

The plaintiff contracted in April to work for the defendants one year, at $25 per month, or $300 for the year, and had drawn his pay monthly, at the rate of $25 per month, from the city treasury, until October, when he was discharged without sufficient cause. *Held*, that he was entitled to recover of the city, upon a *quantum meruit* for work and labor, what his services were reasonably worth during the whole period he worked, deducting what he had received.

Assumpsit, by Geo. W. Clark against Manchester, upon the common counts, and a *quantum meruit* for work and labor. The plaintiff's claim was to recover for services as a laborer on the city farm, from April 13, 1870, to October 23 of the same year, by the employment of Joseph Cross, the defendants' agent. The evidence tended to show an employment for a year for $300, or $25 per month. It appeared that the plaintiff had drawn his pay monthly, at the rate of $25 per month, from the city treasury, excepting $23.08 due on the last month, which has been ready for him there ever since he left the defendants' employ, but which he declined to receive because he has claimed that he was entitled to more. The plaintiff left the defendants' employ October 23, 1870; and it was a question in dispute whether he left voluntarily, or was discharged without sufficient cause. The court instructed the jury that if they found the hiring to be for a year from April 13, whether the terms of the contract were $25 per month or $300 per year, and that the plaintiff was discharged Oct. 23, without sufficient cause, he would be entitled to recover so much as his services were reasonably worth during the whole period he worked, deducting what he had received, and also deducting the $23.08, in case they were of opinion

that it was the understanding that the plaintiff should go to the city treasury and there draw his pay.   To this instruction the defendants excepted, on the ground that all claims were settled and discharged by payment and acceptance of pay by the plaintiff, at the rate of $25 per month, up to about October 1 ; that in no event could the plaintiff be entitled to recover on a *quantum meruit* for more than the last month's work.

The verdict was for the plaintiff for $109.33, which includes the $23.08, the jury being of opinion that it was not part of the contract that the plaintiff should draw his pay at the city treasury.

The case was reserved.

*Andrews* and *Clark & Huse*, for the defendants.

*Patten* and *Lord & Sulloway*, for the plaintiff.

SARGENT, J.   The jury have found, upon the instructions given them, that the contract was to work for a year for $300, or at the rate of $25 per month for the whole year, and that the plaintiff received his $25 per month up to October, and was turned away, without sufficient cause, at that time.   In other words, the city broke or rescinded its contract with the plaintiff at the end of about six months, and after the plaintiff had worked through the very best of the season.   He had worked during those months when he could have earned $30 or $35 per month, whereas for the balance of the year he might not be able to earn more than $15 or $20 per month.

If he had continued the year out, and had gone every month and received his $25, that would have completed the contract on both sides, and that sum, by the month for the whole year, would have been payment in full for his services ; yet, when the defendants rescind the contract in the midst of the term, without sufficient cause, they cannot claim that the payments which have been made, though at the rate per month stipulated for the whole time, shall be received in full for the services rendered, if those services were worth much more for that time than the average for the year.

The contract is to be construed as a whole.   It is not $25 per month for a single month, or for each separate month, or for any number of months less than the year.   The contract being entire, the defendants cannot break one part of it and still insist upon the performance of the other part.   When the defendants rescinded the contract, they put it out of their power to enforce it upon the other party, but the other party may consider it as rescinded and claim pay just as though it had never existed, which will be just what he is claiming here, namely, to recover what his services were worth for the time he labored.

The error of the defendants' counsel in their brief is in assuming that here was payment made by the defendants and received by the plaintiff in full for the services of each month.   The defendants cannot hold the plaintiff to the agreed price per month only in connection

with the other part of the contract, viz., that the employment should continue at the same rate for the whole year. Where one party to a special contract, which is executory, refuses to execute any substantial part of his agreement, the other party may rescind, if he do so unequivocally and in reasonable time. *Webb* v. *Stone*, 24 N. H. 288; *Allen* v. *Webb*, 24 N. H. 278; *Weeks* v. *Robie*, 42 N. H. 316, and cases cited; *Danforth* v. *Dewey*, 3 N. N. 79; *Judge of Probate* v. *Stone*, 44 N. H. 593.

This contract was executory, in that it was to be continued for a year; and when the defendants broke it in this respect, they cannot hold the plaintiff bound by the other provisions of it. The plaintiff had the right to rescind the whole contract, and sue in *indebitatus assumpsit* to receive back a consideration paid, or on a *quantum meruit* to recover what his services were worth. This is the same form of action as in *Britton* v. *Turner*, 6 N. H. 481.

*Judgment on the verdict.*